**IN THE UNITED STATES DISTRICT COURT  
FOR THE NORTHERN DISTRICT OF IOWA  
WESTERN DIVISION**

EAD CONTROL SYSTEMS, LLC,

    Plaintiff,

vs.

BESSER COMPANY USA,

    Defendant.

No. C 11-4029-MWB

**MEMORANDUM OPINION AND ORDER REGARDING BESSER COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

_____

**TABLE OF CONTENTS**

*I.  INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*II.  BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *A.  Factual Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *B.  Procedural Background* . . . . . . . . . . . . . . . . . . . . . . . . . 3

*III.  ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    *A.  Summary Judgment Standards* . . . . . . . . . . . . . . . . . . . . . 5
    *B.  Unjust Enrichment Under Iowa Law* . . . . . . . . . . . . . . . . 5
        *1.    Arguments of the parties* . . . . . . . . . . . . . . . . . . . . 6
        *2.    Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    *C.  Whether the Contract Covers the Unjust Enrichment Claim* . . . . . . . . 9
        *1.    Arguments of the parties* . . . . . . . . . . . . . . . . . . . . 9
        *2.    Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*IV.  CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## I. INTRODUCTION

This case, a dispute regarding work plaintiff EAD Control Systems, LLC, ("EAD") performed for Besser Company USA[1] ("Besser") on a professional controls system for robotic cranes, is before me on Besser's April 13, 2012, Motion For Partial Summary Judgment (docket no. 25) on EAD's claim of unjust enrichment. I must decide whether EAD's claim of unjust enrichment survives under Iowa law, where an express contract exists between the parties.

## II. BACKGROUND

### A. Factual Background

The followings facts are undisputed, unless otherwise noted. EAD, a Nebraska limited liability company with its principal place of business in Douglas County, Nebraska, and Besser, a Michigan corporation with offices in several locations,[2] including Sioux City and Boone, Iowa, entered into a contract on March 14, 2008, which provided that EAD would produce a controls system for operating robotic cranes at a pipe-producing facility in Calgary, Canada. The contract specified various programming and other services that EAD would perform, including the production of certain numbers of diagrams and drawings that EAD would submit to Besser. The contract stated that EAD would perform

---

[1] Besser asserts, in passing, that it is incorrectly named in EAD's complaint as "Besser Company USA." Besser states that its actual name is "Besser Company." Besser has not requested that I take any action, so I continue to refer to Besser as it is named in the complaint.

[2] Although neither party indicates where Besser's principal place of business is located, Besser's website reflects that the "Besser Company World Headquarters" is located in Michigan. *See Besser Offices Contact Information*, BESSER.COM, http://www.besser.com/besserinfo.asp?Page=/contact-us-main-offices.htm (last visited June 18, 2012).

these services for the "Total Fixed Cost" of $165,000, with estimated travel expenses of $13,000.00. Besser Appendix ("Besser App'x") at 10 (docket no. 25-3). EAD alleges that Besser has not paid EAD in full for work EAD performed pursuant to this original contract.

EAD also alleges that Besser has failed to pay EAD for additional work EAD performed beyond the scope of the original contract. The contract includes a provision regarding additional services that might be performed by EAD: "Additional services will be provided on a time and materials basis upon change order acceptance. EAD Controls rate sheet has been submitted." Besser App'x at 10. The parties dispute whether Besser accepted any change orders from EAD. EAD alleges, and Besser disputes, that Besser employee Mark Hilts, on Besser's behalf, accepted change orders and thus authorized EAD to perform additional services beyond those to which the parties agreed in the original contract. The parties dispute whether Hilts possessed actual or apparent authority to modify or enter into contracts on Besser's behalf. Furthermore, EAD also alleges, and Besser disputes, that Besser waived the change order provision by paying EAD for additional work beyond that specified in the original contract.

### B. Procedural Background

EAD brought this action against Besser on March 23, 2011, alleging breach of contract and unjust enrichment. EAD seeks damages, plus interest, for three categories of work performed for Besser. *See* EAD's April 10, 2012, Supplemental Disclosures, Besser App'x at 40-42. First, EAD alleges that Besser failed to pay EAD $24,000.00 for services EAD performed pursuant to the original contract. Second, EAD alleges that Besser failed to pay EAD $195,724.59 in "Time and Materials and Expenses" invoices above the fixed cost of the contract. Third, EAD alleges that Besser failed to pay it $120,163.62 for drawings and documents that "EAD was required to prepare" in excess

3

of the number agreed to by the parties in the contract. EAD seeks the full amount of damages under both its breach of contract and unjust enrichment theories.

Besser filed its Answer and Counterclaim on April 19, 2011, and its Amended Answer and Counterclaim on April 11, 2012, in which Besser denies EAD's claims, asserts several affirmative defenses, and brings its own claim of breach of contract against EAD. Besser subsequently filed its April 13, 2012, Motion For Partial Summary Judgment on EAD's unjust enrichment claim.[3] Besser argues that EAD's unjust enrichment claim fails because Iowa law[4] does not permit a claim for unjust enrichment, where an express contract exists between the parties as to the subject matter at issue in the unjust enrichment claim. Besser asserts—and maintains that there is no genuine issue of material fact—that the contract between EAD and Besser covers the subject matter giving rise to EAD's unjust enrichment claim.

In response, EAD maintains that Iowa law *does* permit a party to maintain both a breach of contract and unjust enrichment claim as to the same subject matter. EAD further argues that, even if Besser is correct that Iowa law does not recognize an unjust enrichment claim where an express contract exists between the parties as to the same subject matter, there is a genuine issue of material fact as to whether the contract between EAD and Besser covers the subject matter that gives rise to EAD's unjust enrichment claim.

---

[3] I deny Besser's request for oral argument, as it would not assist my resolution of this motion.

[4] The parties' contract contains no forum selection clause. Both parties assume that Iowa law applies. Because the parties agree to the application of Iowa law, I see no reason to disagree with them.

## III. ANALYSIS

### A. Summary Judgment Standards

Motions for summary judgment "isolate and dispose of factually unsupported claims or defenses." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment is only appropriate when, "viewing the record in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005); *see* FED. R. CIV. P. 56. A fact is material when it "'might affect the outcome of the suit under the governing law.'" *Johnson v. Crooks*, 326 F.3d 995, 1005 (8th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Thus, "the substantive law will identify which facts are material." *Anderson*, 477 U.S. at 248. "An issue of material fact is genuine if it has a real basis in the record[,]" *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)), or when "'a reasonable jury could return a verdict for the nonmoving party' on the question," *Woods*, 409 F.3d at 990 (quoting *Anderson*, 477 U.S. at 248); *see Diesel Mach., Inc. v. B.R. Lee Indus., Inc.*, 418 F.3d 820, 832 (8th Cir. 2005) (stating genuineness depends on "whether a reasonable jury could return a verdict for the nonmoving party based on the evidence" (citation and internal quotation marks omitted)).

### B. Unjust Enrichment Under Iowa Law

I first must determine whether Iowa law permits a claim of unjust enrichment, where an express contract between the parties covers the subject matter giving rise to the claim of unjust enrichment.

### 1. Arguments of the parties

Besser maintains that Iowa law is clear: where an express contract exists between the parties, Iowa law will not allow a claim of unjust enrichment as to the same subject matter. EAD, in contrast, asserts that Iowa law regarding unjust enrichment is more nuanced than Besser suggests. In support of its proposition that an unjust enrichment claim may lie, even in the face of an express contract, EAD notes that the Iowa Supreme Court has reasoned that a claim of unjust enrichment "may arise from contracts." *See State ex rel. Palmer v. Unisys Corp.*, 637 N.W.2d 142, 154 (Iowa 2001). EAD also asserts that Besser has confused unjust enrichment with quantum meruit; EAD maintains that an unjust enrichment claim may coexist with an express contract.

### 2. Analysis

Unjust enrichment, an equitable doctrine "based on the concept of an implied contract," *Iowa Network Servs., Inc. v. Qwest Corp.*, 363 F.3d 683, 694 (8th Cir. 2004) (applying Iowa law), is rooted in "the principle that a party should not be permitted to be unjustly enriched at the expense of another or receive property or benefits without paying just compensation," *State ex rel. Palmer*, 637 N.W.2d at 154. Importantly, under Iowa law, "'[a]n express contract and an implied contract cannot coexist with respect to the same subject matter, and the law will not imply a contract where there is an express contract.'" *Scott v. Grinnell Mut. Reinsurance Co.*, 653 N.W.2d 556, 561 n.2 (Iowa 2002) (quoting *Giese Constr. Co. v. Randa*, 524 N.W.2d 427, 431 (Iowa Ct. App. 1994)); *accord Rogers v. Webb*, 558 N.W.2d 155, 158 (Iowa 1997) ("As a general rule in Iowa one who pleads an express contract cannot ordinarily recover upon an implied contract or quantum meruit." (citation and internal quotation marks omitted)); *Chariton Feed & Grain, Inc. v. Harder*, 369 N.W.2d 777, 791 (Iowa 1985); *Clemens Graf Droste Zu Vischering v. Kading*, 368 N.W.2d 702, 712 (Iowa 1985) ("[Iowa] law will not imply a contract

6

where there is an express contract."); *see also Rambo Assocs., Inc. v. S. Tama Cnty. Cmty. Sch. Dist.*, 487 F.3d 1178, 1189 (8th Cir. 2007) (ruling that, under Iowa law, "an express contract necessarily trumps any implied one when there is a conflict between the two."); *GreatAmerica Leasing Corp. v. Rohr-Tippe Motors, Inc.*, 387 F. Supp. 2d 992, 997 (N.D. Iowa 2005) (applying Iowa law and noting "the near universal rule of contracts that an express contract and an implied contract cannot co-exist"). Stated differently, "[g]enerally the existence of a contract precludes the application of the doctrine of unjust enrichment." *Johnson v. Dodgen*, 451 N.W.2d 168, 175 (Iowa 1990).

Of course, Iowa law permits a party to plead unjust enrichment in the alternative to a breach of contract claim; indeed, many plaintiffs plead a theory of implied contract in the event that the asserted contract is unenforceable. *See, e.g.*, *Union Pac. R.R. Co. v. Cedar Rapids & Iowa City Ry. Co.*, 477 F. Supp. 2d 980, 997 (N.D. Iowa 2007) (applying Iowa law); *see also GreatAmerica Leasing Corp.*, 387 F. Supp. 2d at 997; IOWA R. CIV. P. 1.402(2)(b) ("A party may also state as many separate claims or defenses as the party has *regardless of consistency* and whether based on legal or equitable grounds." (emphasis added)). However, once a court determines that an express contract exists between the parties as to the subject matter at issue in the unjust enrichment claim, the unjust enrichment claim fails as a matter of law because an express and implied contract may not coexist as to the same subject matter. *See Scott*, 653 N.W.2d at 561 n.2. As to the rationale behind this "near universal rule," *see GreatAmerica Leasing Corp.*, 387 F. Supp. 2d at 997, I borrow from the Illinois Court of Appeals's exceptionally well-articulated explanation, as Illinois shares Iowa's rule that an express contract bars an implied contract as to the same subject matter:

> When parties enter into a contract they assume certain risks with an expectation of a return. Sometimes, their expectations

> are not realized, but they discover that under the contract they
> have assumed the risk of having those expectations defeated.
> As a result, they have no remedy under the contract for
> restoring their expectations. In desperation, they turn to
> quasi-contract for recovery. This the law will not allow.
> Quasi-contract is not a means for shifting a risk one has
> assumed under contract.

*Indus. Lift Truck Serv. Corp. v. Mitsubishi Int'l Corp.*, 432 N.E.2d 999, 1002 (Ill. App. Ct. 1982).

EAD's arguments to the contrary are unpersuasive. EAD is correct that the Iowa Supreme Court reasoned that unjust enrichment "may arise from contracts" in *State ex rel. Palmer*, 637 N.W.2d at 154, but EAD takes this broad statement of law out of context. The actual holding of *State ex rel. Palmer* is inapposite to the circumstances of this dispute.[5] Additionally, the distinction between unjust enrichment and quantum meruit is irrelevant here. Both doctrines are species of implied contracts; courts sometimes refer to unjust enrichment as an "implied-in-law contract" and quantum meruit as an "implied-

---

[5] In *State ex rel. Palmer*, the State of Iowa brought claims of breach of contract and breach of implied warranty against Unisys Corporation, a state contractor hired to determine the rates at which the Department of Human Services would pay HMOs for Medicaid recipients' healthcare, after the Department of Human Services determined that Unisys had miscalculated and caused the Department to overpay its HMOs. *State ex rel. Palmer*, 637 N.W.2d at 147-48. Unisys, in turn, filed a cross-petition for contribution, indemnity, and unjust enrichment against Heritage National Health Plan, an HMO that the Department of Human Services had overpaid for Medicaid services. *Id.* at 149. The Iowa Supreme Court held that Unisys had established a claim for unjust enrichment against Heritage National Health Plan, sufficient to survive summary judgment. *Id.* at 157. Thus, Unisys's claim of unjust enrichment against Heritage "ar[o]se from contracts," in the sense that the parties' dispute involved a contract between the State and Unisys and a contract between the State and Heritage. However, no contract existed between Unisys and Heritage. Thus, *State ex rel. Palmer* does not support EAD's argument.

8

in-fact contract." *Iowa Waste Sys., Inc. v. Buchanan County*, 617 N.W.2d 23, 29 (Iowa Ct. App. 2000). As explained above, Iowa courts have made clear that express contracts and implied contracts cannot coexist as to the same subject matter. Thus, the differences that exist between unjust enrichment and quantum meruit are inconsequential here.

Nonetheless, "[i]t is well settled that there may be an implied contract on a point not covered by an express one." *DeMuth Landscaping & Design v. Heggestad*, 461 N.W.2d 354, 356 (Iowa Ct. App. 1990) (citation and internal quotation marks omitted) (finding that both express and implied contracts existed, where homeowner and landscaper agreed that landscaper would perform additional work beyond scope of original fixed price contract); *accord Frontier Props. Corp. v. Swanberg*, 488 N.W.2d 146, 149-50 (Iowa 1992); *see also Rambo Assocs., Inc.*, 487 F.3d at 1188-89 (holding, under Iowa law, that plaintiff could pursue quasi-contract remedy where express contract did not set fee for additional services). Thus, "to the extent that the basis for [EAD's] claim of unjust enrichment is covered by an express contract," EAD's unjust enrichment claim fails. *See Iowa Network Servs.*, 363 F.3d at 694. By the same token, however, to the extent EAD's claim for unjust enrichment is *not* covered by its express contract with Besser—or, at this stage, if there is at least a genuine issue of material fact on this point—EAD's unjust enrichment claim survives for trial.

### C. Whether the Contract Covers the Unjust Enrichment Claim

Given Iowa law regarding unjust enrichment, I must decide whether a genuine issue of material fact exists as to whether the contract between EAD and Besser covers the subject matter giving rise to EAD's unjust enrichment claim.

#### 1. Arguments of the parties

Besser maintains that there is no genuine issue of material fact as to whether the parties' contract covers the subject matter of EAD's unjust enrichment claim. EAD,

however, responds that there are several genuine issues of material fact that preclude summary judgment: first, whether Besser has paid EAD in full for work it performed pursuant to the contract; second, whether EAD performed additional work beyond the scope of the parties' contract for which it should be compensated; third, whether Besser employee Mark Hilts had actual or apparent authority to accept change orders on Besser's behalf; and fourth, whether Besser waived the change order requirement by paying EAD for additional work beyond the scope of the contract. Besser, in its reply, maintains that these factual disputes are not material to EAD's unjust enrichment claim but, instead, relate to whether EAD may prevail on its breach of contract claim. Specifically, Besser notes that the first issue, whether Besser has paid EAD in full for work under the original contract, clearly relates to matters included in the original contract between the parties. Moreover, Besser asserts that the factual disputes regarding additional work EAD performed also relate to the subject matter of the original contract, as the contract contains the following provision: "Additional services will be provided on a time and materials basis upon change order acceptance." Besser App'x at 10.

### 2. *Analysis*

EAD seeks to recover, under its theory of unjust enrichment, payment for services it performed under the original contract and for additional services not specified in the original contract. Thus, I must look to see whether there is a genuine issue of material fact as to whether the contract covers these two categories of services.

To begin, there is clearly no genuine issue of material fact as to whether the contract covers services that EAD performed pursuant to the contract. Whether Besser has paid EAD in full for work specified in the contract is material to EAD's breach of contract claim, but does not preclude summary judgment on the sole issue currently before me: whether the contract covers the subject matter of EAD's unjust enrichment claim.

Furthermore, there is no genuine issue of material fact as to whether the contract covers additional services EAD performed. At first blush, this case may appear similar to cases in which courts have "implied [a] contract on a point not covered by an express one," because EAD alleges it has performed work beyond that to which the parties agreed in the contract. *See DeMuth Landscaping & Design*, 461 N.W.2d at 356; *Frontier Props.*, 488 N.W.2d at 149-50; *see also Rambo Assocs.*, 487 F.3d at 1188-89. Here, however, the contract explicitly addresses and explains how the parties would handle additional services and refers to a separate document setting EAD's rates for services: "Additional services will be provided on a time and materials basis upon change order acceptance. EAD Controls rate sheet has been submitted." Besser App'x at 10.

EAD identifies genuine issues of fact, but they are not *material* to the issue of whether the contract covers additional work EAD performed. If EAD is correct that Besser employee Mark Hilts had actual or apparent authority to accept change orders on Besser's behalf, then Besser breached the contract when it failed to pay EAD for work Hilts approved. If EAD is incorrect, then Besser did not accept the change orders, and Besser did not breach the contract by failing to pay EAD for additional work. This factual dispute is relevant to EAD's breach of contract claim, but, no matter whether Hilts had actual or apparent authority to accept change orders, the contract covers additional services performed by EAD.

As to EAD's argument that Besser waived the change order requirement, Iowa law provides that a change order requirement "can be waived by [a party's] knowledge of, agreement to, or acquiescence in such extra work, a course of dealing which repeatedly disregards the requirement, and a promise to pay for extra work, orally requested by the [party] and performed in reliance thereon." *See Cent. Iowa Grading, Inc. v. UDE Corp.*, 392 N.W.2d 857, 860 (Iowa Ct. App. 1986) (citing *Berg v. Kucharo Constr. Co.*, 21

11

N.W.2d 561, 567 (Iowa 1946)). Even where a change order requirement is waived, "[t]he general rule is that recovery can be had for extra work only if it was performed with the knowledge or consent of the adverse party." *Id.* If EAD is correct that Besser waived the change order requirement through the course of performance by paying EAD for additional work, then EAD may recover under its breach of contract claim for additional work it "performed with the knowledge or consent" of Besser. However, if EAD is incorrect, and Besser did not waive the change order requirement, then EAD may not recover payment for additional services for which Besser did not accept a change order. The parties' dispute about waiver through the course of performance is material to EAD's breach of contract claim, but does not change the fact that the express contract covers the subject of additional services.

This result may appear harsh—depending on the evidence produced at trial, it is possible that EAD will not recover for additional services it performed for Besser, if Besser did not waive the change order requirement and Hilts did not have authority to accept change orders on Besser's behalf. However, EAD bargained for this contract, and unjust enrichment is not a mechanism "for shifting a risk one has assumed under contract." *See Indus. Lift Truck Serv.*, 432 N.E.2d at 1002.

In sum, although EAD does identify genuine issues of fact, they go only to EAD's breach of contract claim. There is no genuine issue of material fact as to whether the contract covers the subject matter of EAD's unjust enrichment claim. Thus, because I find that the parties' express contract covers the subject matter of EAD's unjust enrichment claim, EAD's claim of unjust enrichment is barred.

### IV. CONCLUSION

THEREFORE, Besser's Motion For Partial Summary Judgment (docket no. 25) is **granted**. EAD may proceed only on its breach of contract theory.

**IT IS SO ORDERED.**

**DATED** this 19th day of June, 2012.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA