# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| EAD CONTROL SYSTEMS, LLC, a Nebraska Limited Liability Company,<br><br>Plaintiff,<br>vs.<br><br>BESSER COMPANY USA, a Michigan corporation, d/b/a BESSER INTERNATIONAL PIPE MACHINERY CORPORATION,<br><br>Defendant. | No. C 11-4029-MWB<br><br>**ORDER REGARDING MOTION TO AMEND JUDGMENT TO INCLUDE PREJUDGMENT INTEREST AND POST-JUDGMENT INTEREST** |

_____

This case is before me on the Motion to Amend Judgment to Include Prejudgment Interest and Post-judgment Interest filed by Plaintiff EAD Control Systems, LLC ("EAD"), pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. On November 16, 2012, following a six-day trial, the jury returned a verdict in favor of EAD. Docket No. 63. On November 19, 2012, judgment was entered in favor of EAD and against Besser Company USA ("Besser"), in the amount of $191,574.96. Docket No. 64. EAD requests prejudgment interest in the amount of $6,945.30, increasing the total judgment to $198,520.26.

In a diversity action, state law governs whether prejudgment interest should be awarded, and if so, at what rate. *See Tarnavsky v. Tarnavsky,* 147 F.3d 674, 679 (8th Cir. 1998) (recognizing that North Dakota law applied to the question in that diversity case); *Berglund v. State Farm Mut. Auto. Ins. Co.,* 121 F.3d 1225, 1230 (8th Cir.

1997) (recognizing that Iowa Code § 535.3 applied to the question of prejudgment interest in a diversity case that was governed by Iowa law). Therefore, Iowa law applies to the availability of prejudgment interest in this case. The Iowa Supreme Court has stated that "[t]he award of [prejudgment] interest is mandatory and should be awarded even when interest has not been requested." *Hughes v. Burlington N. R.R. Co.,* 545 N.W.2d 318, 321 (Iowa 1996) (citing *In re Marriage of Baculis,* 430 N.W.2d 399, 401 (Iowa 1988)). Prejudgment interest is awarded not as a penalty, but "to prevent persons obligated to pay money to another from profiting through delays in the litigation." *Id.* (citation and quotations omitted). The controlling state law in this case is Iowa Code § 535.3(1), which provides: "Interest shall be allowed on all money due on judgments and decrees of courts at a rate calculated according to section 668.13, except for interest due pursuant to section 85.30 [workers' compensation] for which the rate shall be ten percent a year." As stated by section 535.3(1), the appropriate interest rate is calculated under section 668.13, which reads in pertinent part:

> Interest shall be allowed on all money due on judgments and decrees on actions brought pursuant to this chapter, subject to the following:
>
> 1. Interest, *except interest awarded for future damages,* shall accrue from the date of the commencement of the action.
>
> . . . .
>
> 3. Interest shall be calculated as of the date of judgment at a rate equal to the one-year treasury constant maturity index published by the federal reserve in the H15 report settled immediately prior to the date of the judgment plus two percent. The state court administrator shall distribute notice

> monthly of that rate and any changes to that rate to all district courts.
>
> 4. Interest awarded for future damages shall not begin to accrue until the date of the entry of the judgment.

Iowa Code § 668.13(1), (3), (4) (2012) (emphasis added).

The one-year treasury constant maturity index, as published by the Federal Reserve in the H15 report,[1] as of November 16, 2012, the business day immediately prior to the date of judgment, was 0.16. In its brief, EAD erroneously applies a rate of 0.18 in its calculations, which reflects the average rate for the month of November 2012, not the rate "settled immediately prior to the date of the judgment" as specified in section 668.13(3). Adding 2% to the correct rate of 0.16, pursuant to section 668.13(3), the prejudgment interest rate is 2.16%. Accordingly, prejudgment interest at a rate of 2.16% per annum is awarded to EAD from the date the suit was commenced on March 23, 2011 (docket nos. 1 and 2) to the date of the entry of the judgment on November 19, 2012 (docket no. 64). *See* Iowa Code § 668.13(1) & (3). Therefore, prejudgment interest for 607 days is $6,881.58, increasing the total judgment to $198,456.54.

Post-judgment interest is governed by 28 U.S.C. § 1961, which provides in pertinent part:

---

[1] Board of Governors of the Federal Reserve System, Economic Research & Data, Statistical Interest Rates (Daily) – H.15, Historical Data (last visited Dec. 10, 2012), *available at* http://www.federalreserve.gov/releases/h15/data.htm (search by U.S. government securities/Treasury constant maturities/Nominal/1-year/business day).

3

> Interest shall be allowed on any money judgment in a civil case recovered in a district court. Execution therefore may be levied by the marshal, in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the courts of the State. Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment. The Director of the Administrative Office of the United States Courts shall distribute notice of that rate and any changes in it to all Federal judges.

28 U.S.C. § 1691(a). The calendar week immediately preceding the judgment is November 12, 2012 to November 16, 2012. EAD erroneously applies a rate of 0.19, which is the average rate for the week of November 5, 2012 to November 9, 2012. According to the Federal Reserve H15 report, there was no data for Veterans Day on November 12, 2012, and the rates for November 13, 14, 15, and 16 are 0.18, 0.18, 0.17, and 0.16 respectively. The weekly average 1-year constant maturity Treasury yield for the preceding calendar week is 0.17. Therefore, EAD is entitled to post-judgment interest at the rate of 0.17% after the entry of judgment on November 19, 2012 until the judgment is satisfied.

THEREFORE, EAD's motion is **granted**. I order that the judgment be amended to include prejudgment interest of $6,881.58, increasing the total judgment amount to $198,456.54. The post-judgment rate of interest on the amended judgment is 0.17% from the entry of judgment on November 19, 2012 until the judgment is satisfied.

**IT IS SO ORDERED**.

**DATED** this 13th day of December, 2012.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA